

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 5 2013

CLERK, U.S. DISTRICT COURT
By_____
              Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DONNIE GLENN RUBELL,      §
aka DONNIE G. RUBELL      §
                          §
VS.                       §      CIVIL ACTION NO.4:13-CV-830-A
                          §
LOCKHEED MARTIN, et al.   §

ORDER DISMISSING CASE AND IMPOSING SANCTIONS

In this suit, plaintiff Donne Glenn Rubell, of 1001 Redwood Avenue, Apartment 323, Wichita Falls, Texas 76301, the same person as the plaintiff listing that address of record and filing lawsuits in this the United States District Court for the Northern District of Texas as Donnie Rubell and Donnie G. Rubell, did not pay the filing fee to file this suit. Rubell failed to pay the fee, in spite of the fact that by order of July 10, 2013 in *Rubell v. Fed Ex Ground, et al.* No. &:13-CV-074-O, *Rubell v. IQI Inc., et al.* No.7:13-CV-075-O, and *Rubell v. Medco, et al.,* No.7:13-CV-078-O, the Court directed that the clerk of Court was to refuse to file any civil lawsuit/complaint by Rubell submitted without prepayment of the requisite filing fee. The court entered the July 2013 order because a prior May 2010 order entered in *Rubell v. Fed Ex Ground Package System, et al.,* No.7:10-CV-35-O, that "plaintiff Donnie G. Rubell is prohibited from filing any new suit in any federal court without first obtaining permission from the judge of said court," had not inhibited Rubell's filing of frivolous suits.

In this regard, the Court notes that plaintiff Rubell has previously filed numerous suits in this district in which he sought to proceed in forma pauperis, that were later dismissed as

frivolous or for lack of jurisdiction.[1] Rubell's litigious nature long ago resulted in the imposition of a sanction by the United States Court of Appeals for the Fifth Circuit.[2]

Furthermore, a review of the complaint in this action shows that it is virtually the same as the complaint already filed by Rubell on three prior instances: *Rubell v. Lockheed Martin, et al.* No.4:13-CV-533-O (N.D. Tex. July 9, 2013); *Rubell v. Lockheed Martin, et al.* No.7:13-CV-053-O (N.D. Tex. May 28, 2013); and *Rubell v. General Dynamics Corporation, et al.* No.7:10-CV-176-O (N.D. Tex. Feb. 8, 2011). Just as was the case in those prior instances, Rubell has not invoked this Court's diversity jurisdiction and has not stated a federal claim, such that this Court is without jurisdiction. This case will be dismissed on that basis.

In case number 4:13-CV-533-O, the Court informed Rubell of the authority to impose additional sanctions, and expressly warned Rubell "that the filing of a further action that is later dismissed for failure to state a claim, as frivolous, or for lack of jurisdiction, *will* result in the imposition of additional

---

[1] *Rubell v. Fed Ex Ground (defendants)*, Nos. 7:131-CV-074-O, 7:13-CV-075-O, and 7:13-CV-078-O, (N.D. Tex. July 10, 2013); *Rubell v. Lockheed Martin, et al.* No.4:13-CV-533-O (N.D. Tex. July 9, 2013); *Rubell v. Lockheed Martin, et al.* No.7:13-CV-053-O (N.D. Tex. May 28, 2013); *Rubell v. General Dynamics Corporation, et al.* No.7:10-CV-176-O (N.D. Tex. Feb. 8, 2011); *Rubell v. Fed. Ex. Ground Package System*, No.7:10-CV-164-O (N.D. Tex. November 30, 2010); *Rubell v. Fed. Ex., et al.*, No.7:10-CV-025-O (N.D. Tex. May 13, 2010); *Rubell v. Fed Ex.*, No.7:09-CV-071-O (N.D. Tex. July 19, 2009); *Rubell v. Edward Blank Associates of AT & T, et al.*, No.4:97-CV-1035-A (N.D. Tex. Dec. 22, 1997); and *Rubell v. Eastham Unit Warden*, No.4:95-CV-078-A (N.D. Tex. July 16, 1995).

[2] *Rubell v. Edward Blank Associates, et al.* No. 98-10102 (5th Cir. 1998)(assessing $200 in attorney fees and double costs to be paid by Rubell to the defendant).

sanctions, including a monetary sanction or a bar to filing any lawsuit in forma pauperis or both.[3] As the Court's prior orders to require Rubell to seek permission before filing suit and/or to prepay the filing fees before filing suit, have not stopped Rubell from filing frivolous suits, an additional sanction must be imposed.

Therefore, this case is DISMISSED for lack of jurisdiction.

Furthermore, Donne Glenn Rubell, aka Donnie G. Rubell and Donnie Rubell, shall pay a monetary sanction in the amount of **$500.00** to the clerk of Court. Rubell is **BARRED** from filing any new civil action in this Court until this monetary sanction is paid in full. Furthermore, as was explained in prior orders, Donnie Glen Rubell, aka Donnie G. Rubell and Donnie Rubell may no longer proceed in forma pauperis in this Court, such that if he does pay the $500 monetary sanction, any new civil suit filed thereafter must be accompanied by payment of the full filing and administrative fees. If Rubell attempts to file any new civil action without proof of satisfaction of the monetary sanction, or if the sanction is ever satisfied, without payment of the full filing and administrative fees, the clerk of Court will docket such action for administrative purposes only.

SIGNED October 15, 2013.

_____
JOHN H. McBRYDE
United States District Judge

---

[3]*Rubell v. Lockheed Martin, et al.*, No.4:13-CV-533-O (Order of July 9, 2013)(emphasis added).

3